IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

EDWIN HERNANDEZ JUAREZ
*Petitioner,*

v.

JOSEPH SIMON, *et al.*,
*Respondents.*

1:25-cv-2087-MSN-LRV

ORDER

Edwin Hernandez Juarez ("Petitioner") has filed a two-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). ECF 1. Specifically, Petitioner alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act ("INA") (Count I) and his due process rights (Count II).

Petitioner is currently detained at the Farmville Detention Center, in Farmville, Virginia. Petition ¶ 1. He has sued Joseph Simon, the director of the Washington Field Office of ICE Enforcement and Removal Operations ("ERO"); Kristi Noem, the DHS secretary; DHS itself; the Executive Office for Immigration Review; and Pamela Bondi, the Attorney General. *Id.* at 1. He has also sued Jeffrey Crawford, the warden of the Farmville Detention Center. *Id.*

In response to the Court's Order of November 20, 2025 (ECF 2), Federal Respondents have confirmed that the factual and legal issues in presented in the Petition do not differ in any material fashion from those presented in *Servellon Martinez*, 1:25-cv-1792 (E.D. Va.). ECF 4. Accordingly,

the Court incorporates the filings from *Servellon Martinez* into this case and for the reasons that follow, the Court will grant the Petition as to Count II.[1]

## I.    BACKGROUND

Petitioner is a native and citizen of El Salvador. Petition ¶ 15. He entered the United States in June 2019 and has resided here since that time. *Id.* ¶ 43. On October 23, 2025, ICE agents stopped the truck that Petitioner was traveling to work in and arrested him. *Id.* ¶¶ 44. Petitioner was taken to the Farmville Detention Center, in Farmville, Virginia. *Id.* Federal Respondents have charged Petitioner with being inadmissible to the United States and removable under 8 U.S.C. § 1182(a)(6)(A)(i) and placed him into removal proceedings. *Id.* ¶ 45. Petitioner was refused bond by Federal Respondents on the basis of DHS policy and the BIA's decision in *Matter of Yajure-Hurtado*, 29 I&N Dec. 216 (BIA 2025). Petition ¶¶ 3, 4.

## II.    ANALYSIS

The central question posed in the Petition is whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under 8 U.S.C. § 1226(a). Petitioner contends that his detention should be governed by § 1226(a) and that his current detention without bond pursuant to § 1225(b)(2) violates his right to due process. In *Servellon Martinez*, Federal Respondents "recognize[d] that this Court and other jurists of this Court recently rejected Federal Respondents' arguments" to the contrary. ECF 5 at 1, No. 1:25-cv-1792 (E.D. Va. Oct. 23, 2025); *see also, e.g., Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025). Nevertheless, they

---

[1]    Because the Court grants the Petition as to Count II, it need not address Petitioner's other claims.

raised these same arguments "to preserve them for appeal." ECF 5 at 1, No. 1:25-cv-1792 (E.D. Va. Oct. 23, 2025).

At bottom, Federal Respondents' argument is that anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. *Id.* at 5–14. They therefore argue that because Petitioner is present in the United States but has not been legally "admitted," he should be considered an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). *Id.*

Federal Respondents' argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[2] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. *See, e.g., Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *8–9 (E.D. VA. Sept. 19, 2025); *Romero v. Hyde*, No. 25-cv-11631, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have [an] extremely limited (if any) application." *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025) (footnote omitted). This Court has previously addressed several of these points in *Quispe-Ardiles*, 2025 WL 2783800, and adopts and incorporates that reasoning into this Order. *See also, e.g., Flores Pineda v. Simon*, No. 1:25-cv-01616-AJT-WEF,

---

[2]    *See Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 & n.9 (E.D. Va. Sept. 29, 2025) (collecting cases).

2025 WL 2980729, at *2 nn.2 & 3 (E.D. Va. Oct. 21, 2025) (providing additional explanation for why § 1225(b)(2) does not apply).

Because Petitioner been present in the United States for six years, and because § 1226(a) sets forth "the default rule" for detaining and removing aliens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), his detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an IJ in which the IJ must determine whether he poses a danger to the community or a risk of flight. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless the IJ makes such a determination, Petitioner's continued detention is unlawful and, for many of the reasons stated in *Quispe-Ardiles*, 2025 WL 2783800, at *9–10, violates his right to due process.

## III.    CONCLUSION

For all the reasons stated above, the Petition (ECF 1) is GRANTED, and it is hereby

ORDERED that Federal Respondents shall hold a standard bond hearing in front of an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within seven days of that motion; and it is further

ORDERED that Federal Respondents are ENJOINED from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that Federal Respondents file a status report with this Court within 3 days of the bond hearing, stating whether Petitioner has been granted bond, and, if his request for bond is denied, the reasons for that denial.

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of

Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

Michael S. Nachmanoff
United States District Judge

November 21 2025
Alexandria, Virginia

5